# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH S. WILLIAMS<br>Wage Earner: JOHN W. MALONEY,<br><br>          Plaintiff,<br><br> vs.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>          Defendant. | CASE NO. 07-CV-0667 H (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

  On April 13, 2007, plaintiff Judith S. Williams ("Plaintiff") filed a complaint pursuant to section 205(g) of the Social Security Act ("Act") requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for Social Security Widow's Insurance Benefits under Title II of the Act. (Doc. No. 1.) On August 31, 2007, Plaintiff filed a motion for summary judgment. (Doc. No. 14.) On October 12, 2007, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. (Doc. No. 16.) Plaintiff filed a reply to Defendant's opposition on October 31, 2007. (Doc. No. 17.)

  For the following reasons, the Court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment, and affirms the decision of the Administrative Law Judge ("ALJ").

**Background**

Plaintiff was married to the wage earner, John W. Maloney, on April 16, 2004. (Transcript of Record ("Tr.") 33.) Mr. Maloney passed away on January 11, 2005. (Tr. 32.) On February 2, 2005, Plaintiff filed an application for widow's benefits under Title II of the Social Security Act. (Tr. 16-18.) Following a hearing at which Plaintiff appeared, the ALJ denied Plaintiff's claim on June 12, 2006. (Tr. 13-15.) The ALJ determined that Plaintiff was not married to the decedent for more than nine months as required by the Act, that none of the exceptions to the nine-month requirement applied, and that Plaintiff failed to establish the existence of a common law marriage. (Tr. 13-15.) On April 10, 2006, the Appeals Council denied review of the ALJ's ruling, causing it to become the Commissioner's final decision. (Tr. 3-5.) Plaintiff commenced this action for judicial review on April 13, 2007.

**Discussion**

**A.     Review of Commissioner's Decision - Legal Standard**

Section 205(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)). Substantial evidence means "more than a mere scintilla" but less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Id. If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Even if the reviewing court finds that substantial evidence supports the ALJ's decision, however, the court must set aside the decision if the ALJ failed to apply the proper legal standards in

1 weighing the evidence and reaching his or her decision.  Benitez v. Califano, 573 F.2d 653,
2 655 (9th Cir. 1978).

**B.     Widow's Insurance Benefits**

To qualify as a "widow" for purposes of widow's insurance benefits the surviving spouse must have been married to the deceased spouse for a period "not less than nine months immediately prior to the day on which he died."  42 U.S.C. § 416(c)(1); 20 C.F.R. § 404.335(a)(1).[1]  For purposes of computing marital duration, the term "month" is defined by the Commissioner, pursuant to the Program Operations Manual System (an internal agency document) as follows:

> "For purposes of this duration provision, a month is a period ending with the day of the succeeding month numerically corresponding to the day of its beginning, less one.  Count both the day of the marriage and the day preceding the death in figuring the 9-month period."

As an example of this computation, the POMS states, "If a worker died on 11/15/89, the marriage would have to have occurred no later than 2/15/89, in order for it to have existed 9 months on 11/14/89, the day immediately preceding the day on which the worker died."

**C.     Whether the Commissioner Applied the Correct Legal Standard**

Plaintiff's main contention is that she in fact was married to the wage earner for more than 9 months.  The premise of this argument is Plaintiff's assertion that a month equals 30 days, a number Plaintiff computed by dividing the number of days in a year (365) by the number of months in a year (12) and, presumably, by rounding down to the nearest whole number.[2]  (See Tr. 30.)  Therefore, Plaintiff argues, 9 months equals 270 days.  Since there are 271 days between April 16, 2004 (the date of Plaintiff's marriage to the wage earner) and January 11, 2005 (the date of the wage earner's death), Plaintiff contends that

---

[1] In various circumstances a claimant is entitled to waiver of the nine-month requirement.  It does not appear that Plaintiff argued for the application of any of these exceptions; in any event the ALJ determined that none applied.  (Tr. 15.)  Additionally, the ALJ rejected Plaintiff's contention that a common law marriage existed prior to the date of the claimant's official marriage date of April 26, 2004, see Tr. 14, a contention Plaintiff does not renew here.

[2] 365 divided by 12 equals 30.41667.

1  she satisfied the 9-month requirement and that the ALJ's determination to the contrary
2  should be reversed.

3        The Court concludes that the Commissioner applied the proper legal standard to
4  determine whether Plaintiff met the statutory nine-month requirement. The plain language
5  of the statute requires nine months, not nine consecutive 30-day periods.  Additionally,
6  although the POMS utilized by the Commissioner may not be a regulation with the force of
7  law, the fact remains that it is a reasonable interpretation by the Commissioner of a statute
8  her agency is charged with implementing.  Accordingly, it is entitled to deference by this
9  Court. Warre v. Commissioner, 439 F.3d 1001, 1005 (9th Cir. 2006); see Chevron U.S.A.,
10 Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  The Court declines
11 to replace the agency's valid and reasonable interpretation with the novel construction of
12 the nine-month requirement offered by Plaintiff.  Furthermore, even Plaintiff's own
13 suggested interpretation only supports her argument with the additional benefit of rounding
14 down to the nearest whole number.  Nine multiplied by the true average number of days in
15 each month (30.41667) equals 273.75 days, more than two days longer than Plaintiff's
16 marriage to the wage earner lasted.

17 **D.     Whether Substantial Evidence Supports the Commissioner's Decision**

18        Next, Plaintiff contends that the agency's determination should be reversed because
19 the ALJ's conclusion was not supported by substantial evidence.  This argument by
20 Plaintiff seizes upon the following sentence in the ALJ's written findings of fact: "The
21 claimant married the wage earner on April 26, 2004, which is more than nine months after
22 the wage earner died. (Tr. 15.)  The sentence contains two apparent typographical errors.
23 First, Plaintiff married the wage earner on April 16, not April 26.  (See Tr. 33.)  Second, it
24 is impossible for Plaintiff to have married the wage earner "after" the wage earner died.

25        The Court affirms the ALJ's decision, which is based not merely on "substantial"
26 evidence but on undisputed evidence.  The parties do not dispute the relevant dates in this
27 matter (April 16, 2004, and January 11, 2005), conclusive evidence of which is supplied by
28 the marriage and death certificates contained in the record.  (Tr. 32-33.)  Plaintiff is correct

that the Court may not accept post-hoc rationalizations to affirm an ALJ decision that although correct in result is not based on substantial evidence or fails to set forth the reasons for its conclusion. See Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should state the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision). That rule simply does not apply to Plaintiff's case. The Court's task is to consider whether the evidence in the record supports the agency's conclusion, see Sandgathe v. Chater, 108 F.3d at 980, which it clearly does in this case, notwithstanding the apparent typographical errors in the ALJ's written decision. Cf. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (ALJ's duty to further develop record only triggered when evidence is ambiguous or where record is insufficient to allow proper evaluation of evidence).

## Conclusion

For the reasons discussed above, the Court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment.

IT IS SO ORDERED

DATED: November 19, 2007

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.